[Civ. No. 2338.   Fourth Appellate District.—June 26, 1939.]

J. M. LITTLE, Appellant, v. L. J. BUCKEL et al., Respondents.

Hickox & Provence for Appellant.

Harry W. Horton for Respondents.

BARNARD, P. J.—This is an action on a promissory note and to foreclose a chattel mortgage. The complaint alleges the execution by L. J. Buckel, Fred Buckel and Irene Buckel of a promissory note for $4,500 dated January 21, 1930, $1500 being payable in one year, $1500 in two years and $1500 in three years, after date, and reciting that it is secured by a chattel mortgage. It is then alleged that to secure said note "L. J. Buckel" gave a chattel mortgage dated March 5, 1934. The prayer is for foreclosure and judgment against all three of these defendants, who will be referred to herein as the defendants since the rights of other defendants are not involved.

Prior to January, 1930, the defendants were the owners and in possession of 100 acres of land in Imperial County which was subject to a trust deed securing a debt of $16,000, of which $4,500 was delinquent. On January 21, 1930, pursuant to an agreement of the parties, the plaintiff took a deed to the property, paid the overdue $4,500, executed a new trust deed to secure the balance of $11,500, and gave the defendants a written option to purchase the property from him by repaying the $4,500 within three years, assuming the $11,500 trust deed, and repaying any other expenses which he had incurred. On the same day the note set forth in the complaint was given to the plaintiff, together with a chattel mortgage executed by all three defendants.

The defendant L. J. Buckel occupied the west fifty acres of the land and the other defendants the remainder. On March 28, 1930, the defendants executed a five-year lease on the west fifty acres to a third party for a total rental of $7,500. On August 12, 1931, the first instalment of the note not having been paid, the plaintiff secured from L. J. Buckel an assignment of this lease. On October 30, 1931, the plaintiff recorded an acknowledgment of full payment and satisfaction of the chattel mortgage dated January 21, 1930, and of the note secured thereby, being the note described and set forth in the complaint in this action. It seems, however, that on

October 26, 1931, F. G. Buckel and Irene Buckel had given another chattel mortgage securing the note here in question. On October 22, 1932, L. J. Buckel gave the plaintiff another chattel mortgage securing this note, which was released by the plaintiff on March 5, 1934, the release stating that the mortgage, with the debt secured thereby, "is fully paid, satisfied and discharged". On March 5, 1934, L. J. Buckel executed another chattel mortgage in favor of the plaintiff purporting to secure this note. The court found, however, that this chattel mortgage was executed at the request of a bank in connection with a transaction between L. J. Buckel and the bank, and that its execution was unknown to the plaintiff and was not for his benefit.

On March 25, 1932, the second instalment of the note in question not having been paid, the plaintiff brought an action against Fred Buckel and Irene Buckel alleging that since January 22, 1932 (the day after the second instalment of the note became due) he had been the owner and entitled to the possession of the east fifty acres of this land and that since that date they had unlawfully withheld the possession of the land from him. On May 9, 1933, judgment was entered giving him possession of the land with the rental value thereof from January 22, 1932.

In the present action, which was filed on December 3, 1935, the court found that a complete satisfaction and release of the original chattel mortgage and the note secured thereby was filed on October 30, 1931, and that a complete release and satisfaction of the original note and a subsequent chattel mortgage given to secure it was recorded on March 5, 1934. The court further found that in 1931 the plaintiff procured from the defendant L. J. Buckel the possession of one-half of the real property, with an assignment of the existing lease thereon; that thereafter the plaintiff demanded the possession of the other half of the premises from the defendants Fred Buckel and Irene Buckel and secured a judgment giving him such possession; that the plaintiff had repudiated the option and demanded and secured possession of the real property; that the note here involved was subject to the terms and provisions of the option to purchase said land, and to be paid only when and if said option was exercised; that the option, note and chattel mortgage were all parts of one transaction; that the only consideration for the note was $4,500 which was to be

paid when and.if the option was exercised; that the option was never exercised; and that the consideration had wholly failed.

█ In effect, the court found that the note sued upon was not to be paid unless the option to purchase the land was exercised. The only question requiring consideration is whether the evidence sustains the findings to this effect. When the transaction arose the defendants were unable to meet the demands of the holders of the trust deed upon their property. The plaintiff took a deed to the property, paid part of the debt, gave a new trust deed for the remainder, gave the defendants an option to repurchase the land, and took a note and chattel mortgage. F. J. Buckel and Irene Buckel contended, in the suit brought against them in 1932 by the plaintiff, that the transaction was merely security for $4,500 loaned them by the plaintiff. The court in that action held otherwise and the judgment became final. That part of the transaction which gave the defendants the option to pay the $4,500 is somewhat inconsistent with the other part represented by the note and chattel mortgage. There is nothing to indicate that the note was given as consideration for the giving of the option, and the court found that both were parts of one transaction. The court was called upon to so interpret all parts of the transaction as to give effect to the intention of the parties. It is a reasonable inference that the purpose of the transaction was to give the defendants time in which to take care of the pressing part of their debt and if they were able to do so within that time to enable them to keep the land. The general facts and much of the evidence justify and support an inference that, as found by the court, it was the intention of the parties that the note was to be paid only in the event the option was exercised.

The acts and conduct of the plaintiff and his own testimony furnish further support for the court's findings. He testified that there was only one transaction and that the $4,500 represented by the note and chattel mortgage was the same $4,500 which the Buckels were to pay if they exercised the option to purchase the property. His actions are particularly significant. He demanded and secured possession of one-half of the land in 1931, when the first payment of $1500 called for by the note was not paid. He demanded and secured possession of the remainder of the land immediately upon a default in the payment of the second instalment of the note. The op-

tion itself was conditioned upon the payment of $4,500, with interest and advances, at any time within three years and nothing was said therein about annual payments. Such provisions were contained only in the note. He took possession of the land when a part of the note was not paid, although the option itself gave a longer period for payment. From the conduct of the plaintiff it thus appears that he considered the note as a part of the option agreement, that he considered the failure to pay the annual instalments of the note as a violation of the option, and that he acted accordingly. After proceeding on this theory and, in effect, canceling the option because of a failure to comply with a part of its terms, he did nothing further until this action was brought, more than three years later. The evidence supports the court's findings to the effect that under the agreement of the parties the note was not to be paid unless the option was exercised.

The judgment is affirmed.

Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 24, 1939.